# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| KEESHA WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-01308 |
| | ) | Chief Judge Sharp |
| VICKI FREEMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

Petitioner Keesha Washington, proceeding *pro se,* has filed a motion to alter or amend (Docket No. 45) the court's order of July 13, 2016, in which the court denied Washington's motion for extension of time within which to file a notice of appeal of the court's order and memorandum entered on May 16, 2016. In its May 16, 2016, order and memorandum, the court denied Washington's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and dismissed her petition with prejudice. (Docket Nos. 34 & 35).

Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows a district court to extend the time to file a notice of appeal if the motion requesting the extension of time is filed no later than 30 days after the expiration of the original appeal time and the party shows excusable neglect or good cause. *See Fed. R. App. P.* 4(a)(5); *Becker v. Montgomery*, 532 U.S. 757, 763 n.2 (2001). In this case, judgment was entered on May 16, 2016. (Docket No. 36). Washington's motion for extension of time within which to file a notice of appeal (Docket No. 39) was filed on July 6, 2016, within 30 days of the expiration of the original appeal time. The only question, then, before the court upon consideration of Washington's motion was whether she had shown excusable neglect or good cause

1

for her untimely appeal. The court found that, because Washington did not allege that her failure to file a timely notice of appeal was the result of forces outside her control, the good cause standard did not apply, and Washington had not demonstrated excusable neglect. Thus, the court denied her motion for extension of time within which to file a notice of appeal. (Docket No. 41).

Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). In support of her motion to alter or amend, Washington filed a sworn declaration dated July 20, 2016, in which she states that, "when this Court denied habeas relief and within the 30 days thereafter, she had been moved from the main campus of the prison to an annex and was without access to a law clerk or a law library." (Docket No. 44 at p. 1). She further states that "[s]he was previously unable to provide this declaration to the court, as it was not until July 20, 2016 that she actually had personal contact with an individual with legal knowledge who was informed of the information contained in her declaration, and could assist her in presenting this information to the Court." (*Id.*)

"Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)(citation omitted). Previously, when Washington sought an extension of time, she did not allege that her failure to file a timely notice of appeal was the result of forces outside her control. She simply stated that she did not know how and when to file a notice of appeal. In denying her motion, the court noted that Washington had not described any attempts she made to research her options after the court denied her petition. (Docket No. 41 at p. 3). However, now Washington has revealed that, in February 2016, she was moved from the main campus of the women's prison to the

2

prison annex. Housed at the annex, she lacked access to a law library or a law clerk during the time which she could have filed a timely appeal. (Docket No. 45 at p. 4).

Because inmates housed in the annex are afforded no access to a law library or legal aid, Washington could not research what options were available to her after the court denied her petition. She could not research the procedure for filing a notice of appeal or even find out whether an appeal was available to her. Thus, even though filing a notice of appeal is a "modest task," *Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006), without the ability to even consult the governing federal rules or a prison legal aid, Washington, acting *pro se*, did not know how to proceed or realize that she was under a strict deadline, or any deadline at all, for pursuing an appeal. These are different facts than those presented to the court previously. *Compare Jackson v. United States,* 2011 WL 3300368, at *5 (E.D. Tenn. Aug. 1, 2011)(denying motion to file untimely notice of appeal for failure to show excusable neglect or good cause, finding that "there is no reasonable justification . . . for Jackson's failure to file a timely notice of appeal" as "Jackson does not claim he was incapable of preparing a notice of appeal or that he did not know how and when to file a notice of appeal.").

Washington's declaration provides the date on which she was relocated to the annex and subsequently unable to access a law library for research or a legal aid for consultation. She was moved to the annex several months before the court entered its decision in this case. Her declaration also explains why she was not able to provide the court with this information upon her initial request for an extension of time to file an untimely notice of appeal. *Compare Nicholson v. City of Warren*, 467 F.3d 525 (6th Cir. 2006)(finding Nicholson had not demonstrated good cause because she had not provided the court with any details of the duration of her medical treatment which would indicate she had been unable to file a notice of appeal within 30 days of the court's order).

3

Considering these circumstances, the court is persuaded that the plaintiff's motion to alter or amend should be granted in the interests of justice. One of the specific reasons the court denied the plaintiff's motion in its earlier order was that the plaintiff did not claim that she had been incapable of obtaining information about how to appeal the denial of her petition. (Docket No. 41 at p. 3). Now the plaintiff has submitted a sworn declaration in which she states that she was in fact incapable of researching how and when to seek an appeal due to her transfer to the prison annex. The plaintiff is proceeding *pro se*, and there is no evidence of bad faith on the part of the plaintiff. The respondent has not objected to Washington's motion for an extension of time or to her motion to alter and amend and, since her request was filed within two weeks after the deadline for filing a notice of appeal, it does not appear there is any danger of prejudice to the government. Accordingly, the plaintiff's motion to alter or amend (Docket No. 41) will be granted, and the plaintiff will be allowed to file her notice of appeal late, having borne her burden of showing good cause under Federal Rule of Appellate Procedure 4(a)(5).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief United States District Judge